# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

---

| | |
|---|---|
| DUSTIN SWIGART and SONIA SCHULTZ, on behalf of themselves and all other similarly situated employees, and on behalf of the proposed Ohio Rule 23 Class, | Case No.: 1:11-cv-88 J. |
| Plaintiffs, | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | (JURY TRIAL DEMANDED) |
| FIFTH THIRD BANK, | |
| Defendant. | |

---

Plaintiffs Dustin Swigart and Sonia Schultz ("Plaintiffs"), on behalf of themselves and all others similarly situated, and on behalf of the members of the proposed Ohio Rule 23 Class, by and through their attorneys, Nichols Kaster, PLLP and Freking & Betz, LLC, bring this action against Defendant Fifth Third Bank ("Defendant") for damages and other relief relating to violations of the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards laws. Plaintiffs state the following as their claims against Defendant:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

2. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' state law claims, as Plaintiffs' state and federal claims derive from a common nucleus of operative fact.

3. Venue is proper in the United States District Court, Southern District of Ohio, pursuant to 28 U.S.C. § 1391 because Defendant operated branch offices in Cincinnati, Ohio, and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

**Defendant**

4. Defendant Fifth Third Bank is a domestic corporation with its principal place of business in Cincinnati, Ohio. According to the company's website, it has more than 1,300 branch locations in thirteen states.

5. Defendant Fifth Third Bank operates in interstate commerce by, among other things, selling mortgage loans and other financial products in multiple states, including Ohio. Upon information and belief, its gross annual sales made or business done has been $500,000 or greater at all relevant times.

6. Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

7. Defendant is, and has been, an "employer" within the meaning of the Ohio wage laws, specifically Ohio Rev. Code Ann. § 4111.03 (D)(2) to Plaintiffs and others similarly situated.

**Plaintiffs**

8. Plaintiff Dustin Swigart is an adult resident of the State of Ohio. He worked for Defendant as a loan officer at its office in Cincinnati, Ohio from approximately May 2006 to July 2010.

9. Plaintiff Sonia Schultz is an adult resident of the State of Kentucky. She worked for Defendant as a loan officer at its office in Cincinnati, Ohio from approximately May 2006 to June 2010.

10. Plaintiffs, others similarly situated, and members of the proposed Ohio Rule 23 Class are current or former employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and Ohio Rev. Code Ann. § 4111.03(D)(3).

11. Plaintiff, others similarly situated, and members of the proposed Ohio Rule 23 Class have been employed by Defendant within two to three years prior to the filing of this lawsuit. See 29 U.S.C. § 255(a) and Ohio Rev. Code Ann. 2305.11(A).

12. Plaintiffs bring this action on behalf of themselves and other similarly situated employees pursuant to 29 U.S.C. § 216(b), and as representatives on behalf of the proposed Ohio Rule 23 Class.

13. Plaintiffs, others similarly situated, and members of the proposed Ohio Rule 23 Class, are individuals who were, or are, employed by Defendant as loan officers, loan originators, or other similar job titles, at Defendant's numerous locations across the country, during the applicable statutory periods.

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

14. Plaintiffs, others similarly situated, and members of the proposed Ohio Rule 23 Class worked as loan officers for Defendant.

15. Defendant is a financial institution that, among other things, sells financial products to customers.

16. As loan officers, Plaintiffs, others similarly situated, and members of the proposed Ohio Rule 23 Class's primary duty was to sell mortgage loan products for Defendant.

3

17. They performed this duty from primarily inside the office.

18. The work performed by Plaintiffs, others similarly situated, and members of the proposed Ohio Rule 23 Class, is and was, work directly related to mortgage sales and refinances.

19. The FLSA and Ohio State law requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.

20. Defendant classified Plaintiffs, others similarly situated, and members of the proposed Ohio Rule 23 Class as exempt and, upon information and belief paid them on a commission basis.

21. Defendant was aware, or should have been aware, that Plaintiffs, others similarly situated, and members of the proposed Ohio Rule 23 Class performed work that required payment of overtime compensation.

22. Defendant's conduct was willful and in bad faith.

23. Defendant routinely suffered and permitted Plaintiffs, others similarly situated, and members of the proposed Ohio Rule 23 Class to work more than forty (40) hours per week, and did not pay them the overtime compensation they were due.

24. Defendant required Plaintiffs, others similarly situated, and members of the proposed Ohio Rule 23 Class to work long hours to complete all of their job responsibilities.

25. Upon information and belief, Defendant did not keep accurate records of these overtime hours worked as required by 29 C.F.R. § 516.2 or Ohio Rev. Code Ann. § 4111.08.

26. Defendant was aware of the overtime hours that Plaintiffs, others similarly situated, and members of the proposed Ohio Rule 23 Class worked. For instance, Plaintiffs'

4

supervisors were often aware of the time they and other loan officers arrived at and left the office because they were also present at the office and observed them working.

27. Moreover, Defendant set production goals for Plaintiffs, others similarly situated, and members of the proposed Ohio Rule 23 Class. Defendant instructed its loan officers that they were expected to meet their production goals. If they did not work the hours necessary to meet those production goals, they faced repercussions from management, including, but not limited to termination. Defendant observed Plaintiffs, others similarly situated, and members of the proposed Ohio Rule 23 Class working overtime hours to meet the production goals it set for them.

28. Moreover, it is common industry knowledge that courts and the United States Department of Labor have found loan officers to be non-exempt.

29. Upon information and belief, loan officers had discussions with management about overtime hours worked and/or overtime pay.

30. Upon information and belief, in approximately January 2011, Defendant reclassified its loan officers as non-exempt and began paying them overtime pay.

31. Defendant operated under a scheme to deprive loan officers of overtime compensation by classifying them as exempt, and by failing to make, keep, and preserve records of their hours worked.

32. Plaintiffs, on behalf of themselves and other similarly situated current and former employees, bring this proposed collective and class action against Defendant on behalf of all individuals who have worked as loan officers at any time two years (under Ohio state law) and three years (under federal law) prior to the filing of this Complaint.

5

33. Plaintiffs, as well as others similarly situated, were deprived of overtime pay they were guaranteed by law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34. Plaintiffs, on behalf of themselves and others similarly situated, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

35. Plaintiffs file this action on behalf of themselves and all individuals similarly situated.  The proposed Collective Class for the FLSA claims is defined as follows:

> All persons who worked as a loan officers (or similar title) for Defendant at any time since three years prior to the filing of this Complaint until the date Defendant began paying them overtime pay in accordance with the law (the "FLSA Collective").

36. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  Plaintiffs' signed consent forms are attached as Exhibit A.

37. In addition, two other Plaintiffs have also consented to bring overtime claims against Defendant by filing a consent form with this Court.  (See Ex. B.)  As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

38. During the applicable statutory period, Plaintiffs and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked.

39. Defendant failed to preserve records relating to these hours worked as required by 29 C.F.R § 516.2.

40. Plaintiffs and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 et seq., and that have caused significant damage to Plaintiffs and the FLSA Collective.

41. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation.

42. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

43. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and others similarly situated, and, as such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have suffered from the common policies and plans of Defendant of misclassifying these individuals as exempt, and who would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant, and are readily identifiable through Defendant's records.

## OHIO CLASS ACTION ALLEGATIONS

44. Plaintiffs, on behalf of themselves and all members of the proposed Ohio Rule 23 Class, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

45. Plaintiffs bring Count II on behalf of themselves and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure. Plaintiffs seek to represent a class defined as follows:

> All persons who worked as a loan officers (or similar title) for Defendant at any time since two years prior to the filing of this Complaint until the date Defendant began paying them overtime pay in accordance with the law (the "Ohio Rule 23 Class").

46. The members of the proposed Ohio Rule 23 Class are so numerous that joinder of all members is impractical and inefficient such that the requirements of Rule 23(a)(1) are met. Plaintiffs do not know the exact number of class members, but is informed and believe that over

7

one-thousand class members exist. The identities of the class members may be ascertained from the files and records of Defendant.

47. There are common questions of law and fact affecting the class members, including but not limited to whether Defendant unlawfully failed to pay overtime compensation, whether Defendant failed to keep accurate time records for all hours worked, the proper measure of damages sustained by the class members, and whether Defendant should be enjoined from such violations in the future. The requirements of Rule 23(a)(2) are met.

48. Plaintiffs' claims are typical of the claims of the class as a whole. Plaintiffs and the proposed Ohio Rule 23 Class have suffered harm due to the failure of Defendant to pay them overtime compensation for the time they worked over forty (40) hours per workweek. The requirements of Rule 23(a)(3) are met.

49. Plaintiffs will fairly and adequately protect the interests of the class pursuant to Rule 23(a)(4). Plaintiffs' interests are not inconsistent with and not antagonistic to the interests of the class. Plaintiffs have retained counsel experienced in complex wage and hour class and collective action litigation.

50. The prosecution of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the party opposing the class and would substantially impair or impede the interest of other members of the class to protect their interests. Certification under Rule 23(b)(1) is appropriate.

51. Plaintiffs are informed and believe that the Defendant has acted on grounds generally applicable to the class thereby making final injunctive relief or declaratory relief appropriate with respect to the class as a whole. Certification under Rule 23(b)(2) is appropriate.

52. This class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant. The members of the proposed Ohio Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common practices and uniform policies. The damages suffered by class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices. Certification under Rule 23(b)(3) is appropriate.

53. Plaintiffs intend to send notice to all members of the proposed Ohio Rule 23 Class to the extent required by Rule 23.

**CAUSES OF ACTION**

**COUNT I – OVERTIME VIOLATIONS UNDER FEDERAL LAW**
**The Fair Labor Standards Act, 29 U.S.C. § 201 et seq.**
*On Behalf of Plaintiffs and Those Similarly Situated*

54. Plaintiffs, on behalf of themselves and others similarly situated, re-allege and incorporate the preceding paragraphs by reference as if fully set forth herein.

55. The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

56. Defendant suffered and permitted Plaintiffs and the FLSA Collective to routinely work more than forty (40) hours per week without overtime compensation.

57. Defendant's actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the FLSA Collective at the required overtime rate.

58. Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

59. As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

60. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the similarly situated employees, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

61. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

### COUNT II – OVERTIME VIOLATIONS UNDER STATE LAW
**The Ohio Minimum Fair Wage Standards, Ohio Rev. Code Ann. § 4111.01 et seq.**
*On Behalf of Plaintiffs and the Proposed Ohio Rule 23 Class*

62. Plaintiffs, on behalf of themselves and the proposed Ohio Rule 23 Class, re-allege and incorporate the preceding paragraphs by reference as if fully set forth herein.

63. The Ohio Minimum Fair Wage Standards laws, Ohio Rev. Code Ann. § 4111.03 require an employer, such as Defendant, to pay overtime compensation to all non-exempt employees.

64. It requires that Plaintiffs and the proposed Ohio Rule 23 Class be paid for all time worked in excess of forty (40) hours per week at the rate of one and one half times their regular hourly rate of pay. Ohio Rev. Code Ann. 4111.03(A).

65. Defendant's actions, policies, and/or practices as described above violate the overtime requirements of Ohio state law by regularly and repeatedly failing to compensate the Plaintiffs and the proposed Ohio Rule 23 Class at the required overtime rate.

66. As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the proposed Ohio Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

67. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the proposed Ohio Rule 23 Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of Ohio Rev. Code Ann. § 4111.08.

68. Plaintiffs and the proposed Ohio Rule 23 Class seek recovery of attorney's fees, costs, liquidated damages, and expenses of this action to be paid by Defendant, as provided by Ohio Rev. Code Ann. § 4111.10, § 2305.11, and other applicable state laws.

69. Plaintiffs and the proposed Ohio Rule 23 Class seek damages in the amount of their underpayments based on Defendant's failure to pay lawfully wages due as provided by

11

Ohio Rev. Code Ann. § 4111.03, and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and others similarly situated, pray for relief as follows:

a) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Judgment against Defendant finding it misclassified Plaintiffs and those similarly situated as exempt;

c) Judgment against Defendant for Plaintiffs; and the similarly situated employees' unpaid back wages at the applicable overtime rates;

d) Judgment against Defendant for violating the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiffs and those similarly situated;

e) A finding that Defendant's violations of the FLSA are willful;

f) An amount equal to their damages as liquidated damages;

g) All costs and attorneys' fees incurred prosecuting this claim;

h) An award of prejudgment interest (to the extent liquidated damages are not awarded);

i) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

j) Leave to amend to add additional state law claims; and

k) All further relief as the Court deems just and equitable.

**WHEREFORE**, Plaintiffs as Class Representatives, on behalf of themselves and the proposed Ohio Rule 23 Class, pray for relief as follows:

a) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed Ohio Rule 23 Class and the appointment of Plaintiffs as Class Representative and their counsel as Class Counsel;

b) Judgment against Defendant finding it misclassified Plaintiffs and the proposed Ohio Rule 23 Class as exempt;

c) Judgment against Defendant for Plaintiffs' and the proposed Ohio Rule 23 Class's unpaid back wages at the applicable overtime rates;

d) Judgment against Defendant for violating Ohio law by failing to maintain accurate time records of all the hours worked by Plaintiffs and the proposed Ohio Rule 23 Class;

e) All damages, liquidated damages, civil penalties, and prejudgment interest available;

f) All costs and attorneys' fees incurred prosecuting this claim;

g) Leave to amend to add additional state law claims; and

h) All further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, those similarly situated, and members of the proposed Ohio Rule 23 Class demand a trial by jury.

Dated: February 11, 2011                FREKING & BETZ, LLC


/s/ Sheila M. Smith
Sheila M. Smith (0065115)
FREKING & BETZ, LLC
525 Vine Street, 6th Floor
Cincinnati, OH 45202
T: (513) 721-1975
F: (513) 651-2570
E: ssmith@frekingandbetz.com

NICHOLS KASTER, PLLP
   Matthew H. Morgan, MN Bar No. 304657*
   Tim C. Selander, MN Bar No. 0387016*
   4600 IDS Center, 80 South 8th Street
   Minneapolis, MN  55402
   T: (612) 256-3200
   F: (612) 215-6870
   E: morgan@nka.com
      selander@nka.com

*Pro Hac Vice applications forthcoming*

ATTORNEYS FOR PLAINTIFFS AND THE
PUTATIVE COLLECTIVE AND CLASS

14