# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| DUSTIN SWIGART and SONIA SCHULTZ, | : | |
| on behalf of themselves and all | : | Case No.: 1:11-cv-00088-SJD |
| other similarly situated employees, | : | |
| and on behalf of the proposed Ohio Rule | : | Chief Judge Susan J. Dlott |
| 23 Class, | : | |
| | : | |
| Plaintiffs, | : | PLAINTIFFS' MOTION |
| | : | AND MEMORANDUM OF LAW |
| | : | IN SUPPORT OF MOTION FOR |
| | : | CONDITIONAL CERTIFICATION |
| v. | : | AND JUDICIAL NOTICE |
| | : | |
| FIFTH THIRD BANK, | : | |
| | : | |
| Defendant. | : | |
| | : | |

Now come Plaintiffs Dustin Swigart and Sonia Schultz and respectfully move for conditional certification and judicial notice pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). Plaintiffs request that the Court conditionally certify the following group of employees:

> All persons who worked for Fifth Third Bank as a loan officer at
> any time within three years of the date the Court grants this motion
> and January 3, 2011.

In support of this Motion Plaintiffs submit their Memorandum of Law, which establishes at this initial stage that Plaintiffs are similarly situated to the group of employees identified above and that conditional certification and judicial notice are appropriate. Plaintiffs also submit proposed judicial notices in support of their Motion, attached as Exhibit 13-1 and 13-2. Plaintiffs request that the Court approve the form and content of the proposed judicial notice and the plan for distribution. Finally, Plaintiffs request that the Court order Defendant to produce a list in Microsoft Excel format of all persons employed by Defendant as loan officers between the date three years prior to the Court granting this motion and January 3, 2011.

Pursuant to Local Rule 7.3(b) Plaintiffs state that they have consulted with Defendant seeking consent to the instant motion.  Defendant refused to consent.

Case: 1:11-cv-00088-TSB Doc #: 31 Filed: 06/24/11 Page: 2 of 17  PAGEID #: 152

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................ **iv**
**INTRODUCTION** ......................................................................................................................**1**
**SUMMARY OF FACTS AND PROCEDURAL HISTORY**...................................................**2**
   A. PROCEDURAL HISTORY................................................................................................2
   B. THE PARTIES....................................................................................................................2
   C. PLAINTIFFS AND THE PUTATIVE COLLECTIVE CLASS SHARE SIMILAR JOB DUTIES AND RESPONSIBILITIES..................................................................................3
   D. LOAN OFFICERS WORKED OVER FORTY HOURS PER WEEK PRIOR TO THE RECLASSIFICATION .......................................................................................................4
**ARGUMENT**.................................................................................................................................**4**
   A. THE STANDARD FOR CONDITIONAL CERTIFICATION UNDER THE FLSA ........4
   B. PLAINTIFFS HAVE MET THEIR BURDEN OF SHOWING THAT THEY ARE "SIMILARLY SITUATED" TO THE PUTATIVE COLLECTIVE CLASS MEMBERS ........................................................................................................................7
   C. THE COURT SHOULD AUTHORIZE JUDICIAL NOTICE TO THE PUTATIVE COLLECTIVE CLASS ......................................................................................................8
      1. The Statute of Limitations is Running on Putative Collective Class Members' Claims ..........................................................................................................................8
      2. Court Facilitated Notice Promotes Judicial Economy ...............................................9
   D. PLAINTIFFS' PROPOSED JUDICIAL NOTICE IS ACCURATE AND INFORMATIVE ..................................................................................................................9
   E. THE COURT SHOULD COMPEL DEFENDANT TO PRODUCE INFORMATION NECESSARY FOR PLAINTIFFS TO DISSEMINATE NOTICE TO THE PUTATIVE COLLECTIVE CLASS MEMBERS................................................................................11
**CONCLUSION** .........................................................................................................................**11**

# TABLE OF AUTHORITIES

**CASES**

Bifulco v. Mortgage Zone, Inc., 262 F.R.D. 209 (E.D.N.Y. 2009) ................................................8

Comer v. Wal-Mart Stores, Inc., 454 F.3d 544 (6th Cir. 2006) ..................................................4, 5

Davis v. NovaStar Mortg., Inc., 408 F. Supp. 2d 811 (W.D. Mo. 2005) ........................................8

Fisher v. Michigan Bell Tel. Co., 2009 WL 3427048 (E.D. Mich. Oct. 22, 2009) ....................8, 9

Garcia v. Freedom Mortg. Corp., 2009 WL 3754070 (D.N.J. Nov. 2, 2009) ................................7

Gentrup v. Renovo Servs., LLC, 2008 WL 8571101 (S.D. Ohio Jan. 24, 2008) ...........................5

Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989) ................................................4, 8, 9

Labrie v. UPS Supply Chain Solutions, Inc., 2009 WL 723599 (N.D. Cal. Mar. 18, 2009) ..........6

Lewis v. The Huntington Nat'l Bank, 2011 WL 1990567 (S.D. Ohio May 23, 2011) ....... *passim*

Loomis v. CUSA LLC, 257 F.R.D. 674 (D. Minn. 2009) ..............................................................6

Luque v. AT&T Corp., 2010 WL 4807088 (N.D. Cal. Nov. 1 9, 2010) ........................................6

McCaffrey v. Mortgage Sources, Corp., 2009 WL 2778085 (D. Kan. Aug. 27, 2009) .............7, 8

Misra v. Decision One Mortg. Co., LLC, 673 F. Supp. 2d 987 (C.D. Cal. 2008) .........................8

Musarra v. Digital Dish, Inc., 2008 WL 818692 (S.D. Ohio Mar. 24, 2008) ................................6

O'Brien v. Ed Donnelly Enter., Inc., 575 F.3d 567 (6th Cir. 2009) ..................................1, 5, 6, 7

Pritchard v. Dent Wizard Int'l Corp., 210 F.R.D. 591 (S.D. Ohio 2002) ..............................5, 6, 7

Robinson v. Empire Equity Group, Inc., 2009 WL 4018560 (D. Md. Nov. 18, 2009) .................7

Rottman v. Old Second Bancorp, Inc., 735 F. Supp. 2d 988 (N.D. Ill. Aug. 25, 2010) ................7

Seger v. BRG Realty, LLC, 2011 WL 2020722 (S.D. Ohio May 24, 2011) ......................1, 5, 6, 7

Stanfield v. First NLC Fin. Servs., LLC, 2006 WL 3190527 (N.D. Cal. Nov. 1, 2006) ................8

Thiessen v. GE Capital Corp., 267 F. 3d 1095 (10th Cir. 2001) ....................................................5

Vaughan v. Mortgage Source LLC, 2010 WL 1528521 (E.D.N.Y. Apr. 14, 2010) ...................7, 8

Vondriska v. Premier Mortg. Funding, Inc., 564 F. Supp. 2d 1330 (M.D. Fla. 2007) ..................8

White v. MPW Indus. Servs. Inc., 236 F.R.D. 363 (E.D. Tenn. 2006) ..........................................5

**STATUTES, REGULATIONS, AND RULES**

29 U.S.C. § 201.............................................................................................................................. 1

29 U.S.C. § 216(b) ................................................................................................................3, 4, 6, 9

## INTRODUCTION

Plaintiffs bring this Motion for Conditional Certification and Judicial Notice pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). The two named Plaintiffs are joined by twenty-two (22) opt-in Plaintiffs, all of whom are or were employed by Defendant Fifth Third Bank as loan officers within the last three years.  These current and former employees were uniformly denied overtime compensation as a result of Defendant's decision to classify them as exempt from the overtime pay requirements of the FLSA.  They seek conditional certification and authorization to send judicial notice of this action to the members of the putative collective class who have not yet joined this case.  Granting Plaintiffs' motion and authorizing judicial notice to these employees will provide them with the opportunity to join this case and toll their statute of limitations before their claims expire or are further diminished by the passing of time.

Conditional certification of Defendant's loan officers (also referred to as mortgage loan originators) is consistent with the Sixth Circuit Court of Appeals' ruling in O'Brien v. Ed Donnelly Enter., Inc., 575 F.3d 567, 583 (6th Cir. 2009) and this Court's recent ruling in Seger v. BRG Realty, LLC, 2011 WL 2020722 (S.D. Ohio May 24, 2011).  As explained in both decisions, the standard for a conditional certification motion at this "initial notice" stage of the litigation is "fairly lenient." O'Brien, 575 F.3d at 585; Seger, 2011 WL 2020722, at *2. Plaintiffs easily satisfy that burden because they and their colleagues in the loan officer position perform similar job duties and, importantly, Defendant repeatedly and consistently treated them as a similarly situated group.  Indeed, Defendant classified all of its loan officers as exempt and recently uniformly reclassified them as non-exempt employees in January 2011.

1

Plaintiffs respectfully request that the Court grant this motion and: (1) conditionally certify this action for purposes of notice and discovery; (2) order that judicial notice be sent to all putative collective class members; (3) approve the form, content and plan of distribution for Plaintiffs' proposed judicial notice; and (4) order Defendant to produce to Plaintiffs' Counsel the contact information for each putative collective class member.

## SUMMARY OF FACTS AND PROCEDURAL HISTORY

A.  **Procedural History**

Plaintiffs Dustin Swigart and Sonia Schultz filed this action against Defendant Fifth Third Bank ("Defendant") on February 2, 2011. (ECF No. 1.) Plaintiffs were employed by Defendant as loan officers. (Id.) Plaintiffs allege that Defendant misclassified them as exempt employees and failed to compensate them with overtime pay when they worked more than forty hours in a workweek. (Id.) Plaintiffs filed their Complaint for overtime wages on behalf of themselves, those similarly situated under the FLSA, and a class of similarly situated employees under Ohio state law. (Id.) Defendant filed its Answer on March 28, 2011, admitting that Plaintiffs and other loan officers were classified as exempt prior to January 3, 2011. (ECF No. 20, ¶ 20.) The parties held Rule 26(f) conferences on April 1 and 6, 2011, and on May 13, 2011, the parties submitted their discovery plan and report of the conference to this Court. (ECF No. 26.) On June 9, 2011, the Court held an initial pretrial scheduling conference and entered a Preliminary Pretrial Order on June 14, 2011. (ECF No. 30.)

B.  **The Parties**

The two named Plaintiffs worked for Defendant as loan officers within the last three years. (ECF Nos. 1, 20; Exs. 1-2.) Plaintiff Swigart worked for Defendant as a loan officer from May 2006 to July 2010. (ECF Nos. 1, 20; Ex. 1.) Plaintiff Schultz worked for Defendant as a

2

loan officer from May 2006 to June 2010. (ECF Nos. 1, 20; Ex. 2.) Both Plaintiffs worked for Defendant in its Cincinnati area banking locations. (ECF Nos. 1, 20, Exs. 1-2.) Another twenty-two (22) loan officers have joined this case by filing their written consents with the Court in accordance with 29 U.S.C. § 216(b). (Declaration of Timothy C. Selander ("Selander Decl."), ¶ 3.) They work or worked in Defendant's banking locations in Ohio, Illinois, Michigan, Tennessee, and Pennsylvania. (Id., ¶ 4.) Defendant is a corporation with its principal place of business in Cincinnati, Ohio. (ECF No. 20.) Defendant is a financial institution that sells financial products to customers, including mortgage loans. (ECF Nos. 1, 20.) According to its website, Defendant has more than 1,300 branch locations in fifteen states. (ECF Nos. 1, 20; Ex. 11.)

**C.** **Plaintiffs and the Putative Collective Class Share Similar Job Duties and Responsibilities.**

Defendant's loan officers share the same primary job duty of selling mortgage loan products to Defendant's customers, and they performed these sales almost exclusively from inside Defendant's banking locations. (Exs. 1-10.) Loan officers also worked with customers to complete the transaction by collecting information, submitting loans for approval, and obtaining required information and documents for closing. (Id.) Defendant's loan officers consult with one another regarding Defendant's loan products and attend conferences and training together. (Id.) In light of these similarities, it is not surprising that Defendant has consistently and uniformly classified its loan officers. Prior to January 3, 2011, Defendant classified all loan officers, including Plaintiffs, as exempt from the overtime pay requirements of the FLSA. (ECF Nos. 1, 20, Exs. 1-10.) On or about that date, Defendant uniformly reclassified its loan officers from exempt to non-exempt, making them eligible for overtime pay when they worked more than forty hours in a workweek. (Id.) Following the reclassification, Defendant attempted to pay

3

some of its current and former loan officers overtime pay for the period of March 24, 2010 to January 2, 2011. (Selander Decl. ¶ 5.) Loan officers would receive overtime pay for this time period only if they signed an "Employee Acknowledgement Form." (Id.; Ex. 12.)

D.  **Loan Officers Worked Over Forty Hours Per Week Prior to the Reclassification.**

Prior to the January 2011 reclassification, Defendant compensated loan officers on a draw plus commission basis. (D.E. 1, 20; Exs. 1-10.) Defendant set production goals for its loan officers which, if not met, resulted in repercussions including termination. (Id.) Loan officers routinely had to work more than forty hours in a workweek to meet these goals. (Exs. 1-10.) Defendant did not pay loan officers for any of their overtime hours worked prior to January 3, 2011. (Exs. 1-10.)

## ARGUMENT

A.  **The Standard for Conditional Certification Under the FLSA.**

Under the FLSA, an action for unpaid overtime wages may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees *similarly situated*." 29 U.S.C. § 216(b) (emphasis added). "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id.; see also Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006).

As the Supreme Court has explained, the FLSA's collective action mechanism serves the dual purpose of lowering litigation costs for individual plaintiffs, and decreasing the burden on the courts through "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989). "These benefits . . . depend on employees receiving accurate and

4

timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Id. Thus, the district court "has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." Id. at 170-71.

Courts in the Sixth Circuit, including this one, divide the similarly situated inquiry into two stages. Comer, 454 F.3d at 546. At the first stage—the "notice" stage—the court's task is to determine whether conditional certification is appropriate and whether notice should be sent to putative collective class members. Seger, 2011 WL 2020722, at *2 (citing White v. MPW Indus. Servs. Inc., 236 F.R.D. 363, 366 (E.D. Tenn. 2006)); see also Gentrup v. Renovo Servs., LLC, 2008 WL 8571101, at *1 (S.D. Ohio Jan. 24, 2008). The notice stage typically occurs prior to discovery. Lewis v. The Huntington Nat'l Bank, 2011 WL 1990567, at *3 (S.D. Ohio May 23, 2011). And thus, "[b]ecause the Court has minimal evidence . . . the determination is made using a fairly lenient standard." Seger, 2011 WL 2020722, at *2 (citations omitted).

Courts find that plaintiffs are similarly situated when they show that "their claims are unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." Id. (quoting O'Brien, 575 F.3d at 546). In other words, at the initial notice stage the plaintiffs are required to make a showing of "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." Gentrup, 2008 WL 8571101, at *1 (quoting Thiessen v. GE Capital Corp., 267 F. 3d 1095, 1102 (10th Cir. 2001)). The similarly situated standard is less stringent than the predominance requirement of Rule 23(b)(3). O'Brien, 575 F.3d at 584. Accordingly, the plaintiffs need only show that their positions were similar to other employees, not that they were identical. Lewis, 2011 WL 1990567, at *3 (quoting Pritchard v. Dent Wizard

5

Int'l Corp., 210 F.R.D. 591, 595 (S.D. Ohio 2002)). When the class is conditionally certified, notice of the lawsuit is provided to the collective class members, giving them the opportunity to file their written consent and join the action. Seger, 2011 WL 2020722, at *2.

Courts do not consider the merits of the claims, resolve factual disputes, make credibility determinations, or decide substantive issues at the notice stage. See Seger, 2011 WL 2020722, at *3; Lewis, 2011 WL 1990567, at *2 (denying the defendant's early motion for summary judgment on the grounds that "the motion for conditional class certification should be addressed before [the defendant's] defense on the merits is ripe"); Luque v. AT&T Corp., 2010 WL 4807088, *5 n.4 (N.D. Cal. Nov. 1 9, 2010) ("The Court will not engage in credibility determinations at this time."); Labrie v. UPS Supply Chain Solutions, Inc., 2009 WL 723599, at *7 (N.D. Cal. Mar. 18, 2009) (noting that a merits analysis is "beyond the scope" of conditional certification); Loomis v. CUSA LLC, 257 F.R.D. 674, 676 (D. Minn. 2009) (noting that credibility determination and findings of fact are not made at the first stage). Rather, these matters are considered after discovery at the second stage—the "decertification" stage—when the defendant may move to decertify the collective. Seger, 2011 WL 2020722, at *2-3.[1] On a motion for decertification, the court decides whether the plaintiffs are "similarly situated" in order to proceed to trial, or whether the case should be fully or partially decertified. See O'Brien, 575 F.3d at 586 (6th Cir. 2009) (discussing the benefits of partial decertification).

---

[1] Making an early determination as to whether the plaintiffs and putative collective class members are similarly situated while waiting to resolve merits issues at the second stage makes sense given that "commencement of a collective action under § 216(b) does not toll the statute of limitations period for plaintiffs who have failed to opt-in." Lewis, 2011 WL 1990567, at *2 (quoting Musarra v. Digital Dish, Inc., 2008 WL 818692, at *2 (S.D. Ohio Mar. 24, 2008)).

### B. Plaintiffs Have Met Their Burden of Showing that they are "Similarly Situated" to the Putative Collective Class Members.

In addition to the allegations in the Complaint and the admissions in Defendant's Answer, Plaintiffs' motion is supported by declarations from Plaintiffs Swigart and Schultz, as well as declarations from eight opt-in Plaintiffs that worked for Defendant in at least four different states. This evidence confirms that Plaintiffs, the opt-in Plaintiffs, and all of Defendant's loan officers are similarly situated. Defendant's loan officers shared the same job duties and responsibilities, were paid in the same manner, worked more than forty hours per workweek, were uniformly classified as exempt employees and thus denied overtime pay prior to January 3, 2011, and on that date, were uniformly and simultaneously reclassified from exempt to non-exempt employees. Moreover, Defendant's attempt to pay some overtime pay to loan officers who signed the Employee Acknowledgement Form (Ex. 12) confirms that Defendant viewed these employees as similarly situated. Taking all of this evidence into consideration, Plaintiffs have more than met their burden of producing a factual basis for their "allegation of class-wide FLSA violations." Lewis, 2011 WL 1990567, at *3 (citing Pritchard, 210 F.R.D. at 595). In other words, Plaintiffs' evidence of Defendant's common policy of not paying overtime to loan officers satisfies their burden at the notice stage. Seger, 2011 WL 2020722, at *2 (quoting O'Brien, 575 F.3d at 585).

Given Fifth Third's uniform classification and reclassification of loan officers, as well as Plaintiffs' common job duties, pay, and performance of unpaid overtime work, there is no question that this case should be conditionally certified. Indeed, numerous courts around the country have conditionally certified cases involving misclassified loan officers or similar jobs. See, e.g., Lewis, 2011 WL 1990567; Rottman v. Old Second Bancorp, Inc., 735 F. Supp. 2d 988, 989-94 (N.D. Ill. Aug. 25, 2010); Vaughan v. Mortgage Source LLC, 2010 WL 1528521, at *4-8 (E.D.N.Y. Apr. 14, 2010); Robinson v. Empire Equity Group, Inc., 2009 WL 4018560, at *3-4 (D. Md. Nov. 18, 2009); Garcia v. Freedom Mortg. Corp., 2009 WL 3754070, at*3-6 (D.N.J. Nov. 2, 2009); McCaffrey v. Mortgage Sources, Corp., 2009 WL 2778085, at *3-5 (D. Kan.

7

Aug. 27, 2009); Bifulco v. Mortgage Zone, Inc., 262 F.R.D. 209, 213-16 (E.D.N.Y. 2009); Misra v. Decision One Mortg. Co., LLC, 673 F. Supp. 2d 987, 995-98 (C.D. Cal. 2008); Vondriska v. Premier Mortg. Funding, Inc., 564 F. Supp. 2d 1330, 1335-36 (M.D. Fla. 2007); Stanfield v. First NLC Fin. Servs., LLC, 2006 WL 3190527, at *3-4 (N.D. Cal. Nov. 1, 2006); Davis v. NovaStar Mortg., Inc., 408 F. Supp. 2d 811, 815-18 (W.D. Mo. 2005).

C. **The Court Should Authorize Judicial Notice to the Putative Collective Class.**

As explained above, in Hoffmann-La Roche, the Supreme Court held that the judicial system benefits from collective actions when "employees receiv[e] accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Hoffmann-La Roche, 493 U.S. at 170. The Court further encouraged district courts to become involved in the notice process early, to ensure "timely, accurate, and informative" notice and to help maintain control of the litigation. Id. at 171-72. The Court went on to hold that court approved notice should be sent in "appropriate cases" but that it was in the district court's discretion to determine whether a particular case was appropriate. Id. at 169-70. The Court should exercise its discretion and authorize Plaintiffs to send court approved notice.

1. The statute of limitations is running on putative collective class members' claims.

Unlike Rule 23 class actions in which the statute of limitations is tolled for all potential class members with the filing of the complaint, the statute of limitations under the FLSA is not tolled with the commencement of the action or even with an order granting conditional certification. Lewis, 2011 WL 1990567, at *2; Fisher v. Michigan Bell Tel. Co., 2009 WL 3427048, at *8 (E.D. Mich. Oct. 22, 2009). Rather, the statute of limitations continues to run on each individual's claim until they file their written consent to join the action with the court. Fisher, 2009 WL 3427048, at *8; see also 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and

8

such consent is filed in the court in which such action is brought."). Although the notice process does not stop the statute of limitations, it does, at a minimum, notify the putative collective class member of the case, and that the statute of limitations is running on their claims. Fisher, 2009 WL 3427048, at *8 (citing Hoffmann-La Roche, 493 U.S. at 170).

Prompt court action and judicial notice is particularly important in this case. In most cases brought under the FLSA, the claims of current employees do not diminish due to the running of the three year statute of limitations because for every day the statute runs, the violation continues along with their employment. Thus, as long as they remain employed, their claim does not diminish. In this case, however, Defendant *reclassified* its loan officers on January 3, 2011. As a result, the claims of all the putative collective class members, regardless of their status as current or former employees are diminishing by the day. For example, a loan officer who had a full three year claim on January 3, 2011, now has only a two year, six month claim.

    2. Court facilitated notice promotes judicial economy.

Judicial notice promotes judicial economy because it discourages class members from filing numerous identical suits and instead allows them to pursue their claims in one case where the same issues of law and fact are already being addressed. See Hoffmann-La Roche, 493 U.S. at 170. Collective adjudication of this case will save the time and resources of the Court and the parties and will avoid disparate rulings that would undoubtedly arise if each class member filed individual suits.

**D. Plaintiffs' Proposed Judicial Notice is Accurate and Informative.**

Again, Judicial Notice must be "timely, accurate, and informative." Hoffmann-La Roche, 493 U.S. at 172. Plaintiffs' proposed Judicial Notice, attached as Exhibit 13,

9

accomplishes these goals. Due to the Employee Acknowledgment Forms disseminated by Defendants, and the potential for confusion about whether employees who signed the form have the right to participate in this action, Plaintiffs propose that the Court approve two versions of the Judicial Notice. Plaintiffs propose that the first version, attached as Exhibit 13-1, be sent to all loan officers employed by Defendant within the past three years who have <u>not</u> signed an Employee Acknowledgement Form, while the Judicial Notice attached as Ex. 13-2 be sent to all loan officers who worked have signed an Employee Acknowledgement Form. The only difference between the two versions is that the latter version (Ex. 13-2) includes the following statement on page one:

> **You previously signed an "Employee Acknowledgement Form" and received overtime pay from Fifth Third Bank for some period of time between March 24, 2010 and January 3, 2011. Despite the statements in the Employee Acknowledgment Form, you still have the right to participate in this lawsuit. The Employee Acknowledgement Form cannot be used as either a settlement of your claim or a waiver of Fifth Third's liability.[2]**

Similar language was approved by Judge Marbley in <u>Lewis</u>, a case in which the defendant disseminated similar release forms after reclassifying the position to non-exempt. (<u>See</u> Ex. 14.) Plaintiffs also request that the Judicial Notice be disseminated to former employees via email. The Court in <u>Lewis</u> recently adopted this approach on the grounds that the addresses for former employees are less likely to be accurate, and that using a commonly used form of communication like email will increase the likelihood that the putative collective class members will receive the Judicial Notice. (Ex. 15.) The same rationale applies here.

---

[2] The Employee Acknowledgement Form contains language suggesting that employees who sign the form are prohibited from recovering any further overtime pay from Defendant for any period of time, and that they will not testify or assert claims in this case (or any other) for overtime pay. Plaintiffs will argue that these statements are improper and not binding, and that the employees (current or former) who signed the forms are eligible to join this case.

Finally, in addition to approving the form of the Judicial Notice, Plaintiffs ask that the Court order a ninety (90) day notice period for putative collective class members to join the case and that the Court authorize Plaintiffs to send the notice again to any putative collective class member who has not yet joined on or about day sixty (60) of the ninety (90) day notice period.

**E. The Court Should Compel Defendant to Produce Information Necessary for Plaintiffs to Disseminate Notice to the Putative Collective Class Members.**

For Plaintiffs to accurately, efficiently and quickly facilitate the court-approved judicial notice, Plaintiffs request that within ten (10) days of its Order granting this motion, the Court order Defendant to produce to Plaintiffs' Counsel a list in Microsoft Excel format of all persons employed by Defendant as loan officers at any time within three years of the Court's Order and up to January 3, 2011. The list should include each employee's full name, last known address and telephone number, last known personal email address (for former employees only), social security number (last four digits only), employee identification number, and dates of employment as a loan officer.

## CONCLUSION

Conditional certification is appropriate in this case. Plaintiffs and the putative collective class members perform similar job duties, for one employer, with one job title, without overtime pay. Defendant misclassified all of them as exempt and then simultaneously reclassified them to non-exempt on January 3, 2011. Plaintiffs' evidence and Defendant's admissions more than satisfy the fairly lenient standard at this stage of the proceedings. Accordingly, Plaintiffs respectfully request that the Court follow the well-established precedent from the United States Supreme Court, as well as the decisions of this Court and others across the country and issue an order: (1) conditionally certifying this case as a collective action; (2) authorizing Plaintiffs to send judicial notice to the putative collective class; (3) approving both forms of Plaintiffs'

proposed notice; (4) compelling Defendant to produce a list of the putative collective class members; and (5) authorizing a ninety (90) day notice period for putative class members to join the case.

Respectfully submitted this 24th day of June, 2011.

        **NICHOLS KASTER, PLLP**

        /s/ Timothy C. Selander_____
        Matthew H. Morgan, MN Bar No. 304657*
        Timothy C. Selander, MN Bar No. 0387016*
        4600 IDS Center, 80 South 8th Street
        Minneapolis, MN 55402
        T: (612) 256-3200
        F: (612) 215-6870
        E: selander@nka.com
           morgan@nka.com

        *admitted pro hac vice*

        **FREKING & BETZ, LLC**

        Sheila M. Smith, OH Bar No. 0065115
        525 Vine Street, 6th Floor
        Cincinnati, OH 45202
        T: (513) 721-1975
        F: (513) 651-2570
        E: ssmith@frekingandbetz.com

        ATTORNEYS FOR PLAINTIFFS AND THE
        PUTATIVE COLLECTIVE AND CLASS

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Matthew H. Morgan (morgan@nka.com, assistant@nka.com); Randolph Harry Freking (randy@frekingandbetz.com, docket@frekingandbetz.com, susan@frekingandbetz.com); Scott A. Carroll (scott.carroll@jacksonlewis.com, CincinnatiDocketing@jacksonlewis.com, dibenedp@jacksonlewis.com); Sheila M. Smith (ssmith@frekingandbetz.com, docket@frekingandbetz.com, khuber@frekingandbetz.com); Tim C. Selander (selander@nka.com, assistant@nka.com); Anthony J. Hall (ajhall@littler.com, ssarber@littler.com, evega@littler.com, eluzunaris@littler.com, vking@littler.com, kmack@littler.com); and Desiree C. Henderson (dhenderson@littler.com, eluzunaris@littler.com, evega@littler.com, kmack@littler.com, ssarber@littler.com, vking@littler.com).

I further certify that I caused the proposed order to be filed with the court via the ECF system to Judge Susan J. Dlott (dlott_chambers@ohsd.uscourts.gov).

And I certify that I caused a copy of the proposed order to be e-mailed to the following:

Matthew H. Morgan (morgan@nka.com); Randolph Harry Freking (randy@frekingandbetz.com); Scott A. Carroll (scott.carrol@jacksonlewis.com); Sheila M. Smith (ssmith@frekingandbetz.com); Anthony J. Hall (ajhall@littler.com); Desiree C. Henderson (dhenderson@littler.com).

Dated:  June 24, 2011  NICHOLS KASTER, PLLP

/s/ Timothy C. Selander
Timothy C. Selander, MN Bar No. 0387016*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
T: (612) 256-3200
F: (612) 215-6870
E: selander@nka.com
*admitted pro hac vice


ATTORNEY FOR PLAINTIFFS AND THE PUTATIVE COLLECTIVE AND CLASS