UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DUSTIN SWIGART, *et al.*,            Case No. 1:11-cv-88
on behalf of themselves and all other
similarly situated employees, and on behalf
of the proposed Ohio Rule 23 Class,

       Plaintiffs,                     Judge Timothy S. Black

vs.

FIFTH THIRD BANK,

       Defendant.

**ORDER GRANTING PLAINTIFFS' MOTION
FOR RULE 23 CLASS CERTIFICATION (Doc. 148)**

Before the Court is Plaintiffs' motion for class certification (Doc. 148) and the parties' responsive memoranda (Docs. 151, 153, and 157). Upon careful review, the Court concludes that this case is entirely appropriate for certification as a class action, and, accordingly, Plaintiffs' motion for class certification is **GRANTED** for the reasons stated below.

This civil case involves a putative class of Mortgage Loan Officers ("MLOs"), who worked for Defendant Fifth Third Bank in Ohio between February 11, 2009 and January 3, 2011, and were allegedly misclassified as exempt from statutory overtime pay requirements. The putative class members were allegedly not afforded overtime pay during the relevant time period for all weeks in which they worked more than forty hours.

Plaintiffs move the Court to certify this case as a class action on behalf of "[a]ll

persons who worked for Fifth Third Bank as a mortgage loan officer ('MLO') in the state of Ohio at any time between February 11, 2009 and January 3, 2011." Defendant notes, however, that its "direct" MLOs have at all times been classified as non-exempt and are therefore not part of this action. (Doc. 151 at 28). The Court therefore deems the motion to seek certification on behalf on the following class:

> All persons who worked for Fifth Third Bank as mortgage loan officers ("MLOs") in the state of Ohio and were classified as exempt from statutory overtime pay requirements at any time between February 11, 2009 and January 3, 2011.

## I. BACKGROUND FACTS[1]

Defendant is a financial services company headquartered in Cincinnati, Ohio that operates more than 1,300 banking locations in twelve states. Defendant is structured into "affiliates," which are management structures existing in each of the major cities in which Defendant operates. In Ohio, Defendant has affiliates in Toledo, Cleveland, Columbus, Dayton, and Cincinnati. Each affiliate is operated by local management and has its own support structure.

Defendant employed approximately 350 MLOs in Ohio during the relevant time period. MLOs report to area sales managers and are Defendant's "sales force." MLOs are required to meet monthly sales goals and are ranked nationally and regionally based on their sales. Each MLO is provided with an "MLO Playbook" that details how to do

---

[1] The facts set forth here are undisputed and drawn from the parties' pleadings (*see* Docs. 148 ad 151).

the job successfully and contains "non-negotiable" policies that must be followed.  MLOs work autonomously from various locations, and the management team for each affiliate makes decisions that impact the jobs of MLOs at that affiliate, including whether they "will work from home or in a branch location" and whether they "will be provided a laptop, blackberry, and/or personal computer."

Until January 3, 2012, Defendant uniformly classified all its MLOs as exempt from statutory overtime pay requirements.  In 2006, Defendant conducted an audit of the MLO position and in reliance on the Opinion Letter issued by the Department of Labor ("DOL") Wage and Hour Administrator, concluded that its MLOs qualified as exempt from the overtime obligations of the Fair Labor Standards Act ("FLSA") pursuant to the administrative exemption.  In March 2010, the DOL issued Administrator's Interpretation 2010-1, which concluded that MLOs did not qualify for the administrative exemption.  On January 3, 2012, Defendant reclassified all its MLOs as non-exempt, and every MLO company-wide became eligible for overtime pay.

Named Plaintiffs Dustin Swigart and Sonia Schultz worked for Defendant as MLOs in Ohio during the proposed class period.  On February 11, 2011, they filed this lawsuit on behalf of themselves, and purportedly all similarly situated MLOs, to recover overtime pay allegedly withheld from them by Defendant in violation of the FLSA and the Ohio Minimum Fair Wage Standards Act.

On August 31, 2011, the Court granted Plaintiffs' motion for conditional certification as a collective action pursuant to the FLSA, and on September 19, 2011, FLSA opt-in notice was mailed and emailed to the potential class of current and former MLOs.  The same notice was re-sent to the putative class before the expiration of the 90 days to return the consent to join form.   By the end of the opt-in period, 361 MLOs had joined this lawsuit as members of the FLSA class, and approximately 25% of those individuals had worked for Defendant in Ohio.

Plaintiffs now move for class certification of their Ohio Minimum Fair Wage Standards Act claims pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## II.   REQUIREMENTS FOR CLASS CERTIFICATION

As a threshold matter, there is no inherent incompatibility between an opt-in FLSA collective action and an opt-out Rule 23 class action.[2] District courts in the Sixth Circuit and the D.C., Second, Third, Seventh, and Ninth Circuit Courts have all held that the two claims can coexist.  *Lindsay v. Gov't Employees Ins. Co.*, 448 F.3d 416 (D.C. Cir. 2006); *Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 659 F.3d 234, 247-49 (2d Cir. 2011);

---

[2] *See, e.g.*, *Wade v. Werner Trucking Co.*, 2011 WL 320233, at *2 (S.D. Ohio Jan. 28, 2011) ("[T]here is nothing inherently incompatible between an FLSA opt-in suit and an Ohio Act Rule 23 class action, and . . . they are able to coexist within the same litigation."); *Laichev v. JBM, Inc.*, 269 F.R.D 633, 636 (S.D. Ohio 2008) ("Although having both an opt-in class and an opt-out class in one litigation is not an ideal situation, this Court finds that maintaining two separate class actions in two different courts, State Court and Federal Court, would create more confusion and conflict among prospective class members."); *Peterson v. Cleveland Inst. of Art*, 2011 WL 1297097, at *3-5 (N.D. Ohio Mar. 31, 2011) ("[T]he fact that potential plaintiffs may be confused by the existence of both FLSA claims and state-law class action claims within one suit is not a reason to prohibit the claims from proceeding in the same case."); *Meyers v. Crouse Health System, Inc.*, 274 F.R.D. 404, 421 (N.D.N.Y. 2011) (noting "district courts in the Second Circuit routinely allow hybrid wage and hour suits with opt-in FLSA collective actions alongside opt-out Rule 23 class actions."); *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 674 (D. Md. 2011) ("[A] collective action under FLSA can be accompanied by a Rule 23 class action asserting state law based claims."); *Arnold v. DirecTV, Inc.*, 2011 WL 839636, at *8 (E.D. Mo. March 7, 2011) ("The Court has no reason to believe at this time that both of the Plaintiffs' claims cannot be effectively adjudicated in this one action by proper case management."); *Gomez v. Rossie Concrete, Inc.*, 270 F.R.D. 579, 587 (S.D. Cal. 2010) (noting tension between the two types of actions, but ultimately concluding "consolidati[on of] the state claims with the federal claims would be much more efficient . . . than litigating the same overtime issues in both state and federal court [as it would] save judicial and litigant resource to litigate them all here."); *Scantland v. Jeffry Knight, Inc.*, 2010 WL 4117683 (M.D. Fla. Sept. 29, 2010) (denying Defendant's motion to dismiss Plaintiff's state law class claims for unpaid wages under various theories, including the Rules Enabling Act, implied preemption, and supplemental jurisdiction, among others); *Recinos-Recinos v. Express Forestry, Inc.*, 233 F.R.D. 472 (E.D. La. 2006) (conditionally certifying FLSA collective action and Rule 23 Louisiana state law class action); *McLaughlin v. Liberty Mutual Ins. Co.*, 224 F.R.D. 304 (D. Mass. 2004) (certifying Rule 23 Massachusetts state law class action in suit in which FLSA collective action had already been conditionally certified).

*Knepper v. Rite Aid Corp.*, 675 F.3d 249, 258-62 (3d Cir. 2012); *Ervin v. OS Rest. Services, Inc.*, 632 F.3d 971 (7th Cir. 2011); *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 761 (9th Cir. 2010) *overruled on other grounds*, 132 S. Ct. 74 (U.S. 2011).

Here, although the Court recognizes the potential for confusion inherent in sending a notice requiring Plaintiffs to opt out of the state class after receiving two notices asking if they wished to opt into the FLSA class, this risk of confusion can be minimized, if not eliminated, with effective notice that clearly details the difference between the two claims and the opt-out procedure that must be followed with regard to a Rule 23 class action. Moreover, proceeding separately, with the FLSA claim in federal court, and the Ohio state law class action in state court, "would create *more* confusion and conflict among prospective class members." *Laichev*, 269 F.R.D. at 636 (emphasis added).

A plaintiff has the burden of showing that the class should be certified and that the requirements of Rule 23 are met. *Coleman v. Watt,* 40 F.3d 255, 258 (8th Cir. 1994). In considering the Rule 23 requirements, the Court acknowledges that "[w]hen there is a question as to whether certification is appropriate, the Court should give the benefit of the doubt to approving the class." *In re Workers' Comp.,* 130 F.R.D. 99, 103 (D. Minn. 1990) (citations omitted).

Rule 23 of the Federal Rules of Civil Procedure establishes a two-step analysis to determine whether class certification is appropriate. "First, plaintiffs must satisfy the four prerequisites of Federal Rule Civil Procedure 23(a). Second, the action must satisfy at

least one of three subdivisions of Federal Rule Civil Procedure 23(b)." *In re Retek Inc. Sec. Litig.,* 236 F.R.D. 431, 434 (D. Minn. 2006).

### A. Rule 23(a)

This case satisfies the four requirements for class certification under Rule 23(a) – *i.e.*, numerosity, commonality, typicality, and adequacy of representatives.

#### 1. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." The plaintiff is not required to "establish that it is impossible to join all members of the proposed class[,]" but simply that joinder "would be difficult and inconvenient." *Day v. NLO*, 144 F.R.D. 330, 333 (S.D. Ohio 1992).

In the case at hand, Defendant employed approximately 350 MLOs in Ohio during the relevant time period. (Doc. 148 at 1). This number far surpasses the size of classes this Court has found to satisfy the numerosity requirement in the past. *See*, *e.g.*, *Basile v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 105 F.R.D. 506 (S.D. Ohio 1985); *Laichev*, 269 F.R.D. at 639-40.

Additionally, joinder may be impracticable in this case due to fear of adverse impact at work for the 213 out of 350 putative Ohio class members who were current employees of Defendant as of September 14, 2011. (Doc 153 at 5). In employment class actions like this one, a class member's potential fear of retaliation is an important

consideration in deciding whether joinder is impracticable and thus whether the numerosity requirement is satisfied. *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 85-86 (S.D.N.Y. 2001) (finding in a hybrid action that plaintiffs satisfied numerosity because, among other reasons, they "would not be likely to file individual suits [due to] . . . their fear of reprisals"); *O'Brien v. Encotech Const. Servs., Inc.*, 203 F.R.D. 346, 351 (N.D. Ill. 2001) on reconsideration, 183 F. Supp. 2d 1047 (N.D. Ill. 2002) (finding in a hybrid action that plaintiffs satisfied numerosity, recognizing that joinder was impracticable due to "the fear of retaliation for individual employees required to file individual claims, either on their own or as part of the FLSA collective action"); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, 2000 WL 1774091, at *4 (N.D. Ill. Dec. 1, 2000) (finding in a hybrid action that plaintiffs satisfied numerosity and taking into consideration that joinder is impracticable due to "[t]he possibility of retaliation" and the "economic dependency involved in the employment relationship [which] is inherently inhibiting" and which is not cured by "the availability of the FLSA action"). Here, the Court considers the potential for adverse impact at work for current employees who opt-in to be a compelling reason to certify an opt-out class.

Here, the putative Ohio class contains a significant number of individuals, and the difficulty and inconvenience of joinder of that many suits, as well as the potential that joinder is impracticable for those putative Ohio class members who are still employees of Defendant, all weigh in favor of class certification. Accordingly, the numerosity requirement is met.

**2. Commonality**

Rule 23(a)(2) is satisfied where there are "questions of law or fact common to the class," an element which is known as "commonality." Commonality is not required on every question raised in a class action. Rather, Rule 23 is satisfied when the legal question linking the class members is substantially related to the resolution of the litigation." *DeBoer v. Mellon Mortgage Co.,* 64 F.3d 1171, 1174 (8th Cir. 1995). "[I]ndividual class members need not be 'identically situated' to meet the commonality requirement." *Parkhill v. Minn. Mut. Life Ins. Co.,* 188 F.R.D. 332, 338 (D. Minn. 1999). "The requirement is met where the questions linking the class members are substantially related to the resolution of the litigation even though the individuals are not identically situated." *Id.*

Plaintiffs have identified the following common questions of law or fact presented by their claims:

   a. Whether Defendant acted in reliance on the 2006 Opinion Letter when classifying MLOs as exempt administrative employees;
   b. Whether Defendant acted in conformity with the 2006 Opinion Letter when classifying MLOs as exempt administrative employees;
   c. Whether Defendant's purported reliance on the 2006 Opinion Letter was in good faith;
   d. Whether MLOs have a primary job duty of selling Defendant's financial products;
   e. Whether MLOs, who are frontline production employees and whose job is strictly controlled by Defendant's non-negotiable guidelines, policies, and procedures, perform office or non-manual work directly related to Defendant's management or general business operations;

  f. Whether MLOs exercise discretion and independent judgment with respect to matters of significance;

  g. Whether Defendant's failure to pay overtime to its MLOs was willful (for purposes of determining whether a third year of damages is appropriate (29 U.S.C. § 255(a));

  h. Whether Defendant's failure to pay overtime to its MLOs was in good faith (for purposes of determining whether liquidated damages should be awarded (29 U.S.C. § 216(b)).

Courts routinely certify misclassification cases with similar common questions because the central question of whether the employees were wrongfully classified as exempt from overtime pay requirements is common to the class.[3]

Although Defendant has shown there are factual differences between MLOs,

---

[3] *See, e.g.*, *Ross v. RBS Citizens, N.A.*, 667 F.3d 900 (7th Cir. 2012) (affirming certification of assistant branch managers); *Lyons v. Citizens Fin. Group, Inc.*, 2012 WL 4044870 (D. Mass. July 9, 2012) (same); *Cuevas v. Citizens Fin. Group, Inc.*, --- F.R.D. ----, 2012 WL 1865564 (E.D.N.Y. May 22, 2012) (same); *Calderon v. GEICO Gen. Ins. Co.*, 279 F.R.D. 337 (D. Md. 2012) (certifying class of security investigators) *Sibert v. TV Magic, Inc.*, 2012 WL 3589795 (C.D. Cal. Aug. 21, 2012) (common questions of law and fact as to whether plaintiffs were employees or independent contractors); *Thomas v. Matrix Corp. Servs., Inc.*, 2012 WL 3581298 (N.D. Ill. Aug. 17, 2012) (same); *Scovil v. FedEx Ground Package Sys., Inc.*, 2012 WL 3308831 (D. Me. Aug. 13, 2012) (same); *Youngblood v. Family Dollar Stores, Inc.*, 2011 WL 4597555 (S.D.N.Y. Oct. 4, 2011) (certifying class of store managers); *Aponte v. Comprehensive Health Mgmt., Inc.*, 2011 WL 2207586 (S.D.N.Y. June 2, 2011); *Perkins v. Southern New England Tel. Co.*, 669 F. Supp. 2d 212, 225 (D. Conn. 2009) ("despite some dissimilarities, the potential class members performed similar non-exempt duties, and exercised similar amounts of discretion in their day-to-day work, and thus, faced a common policy of misclassification"); *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 156 (S.D.N.Y. 2008); *Alba v. Papa John's USA, Inc.*, 2007 WL 953849, at *6 (C.D. Cal. Feb. 7, 2007) (finding commonality in case involving misclassification of store managers); *Krzesniak v. Cendant Corp.*, 2007 WL 1795703, at *7 (N.D. Cal. June 20, 2007) (finding commonality in case involving misclassification of store managers); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 203-04 (S.D.N.Y. 2006) (common questions of law and fact as to whether plaintiffs were employees or independent contractors); *Wang*, 231 F.R.D. at 607-08; *Scott v. Aetna Servs., Inc.*, 210 F.R.D. 261, 267 (D. Conn. 2002) (finding commonality because the class performed the same duties and was denied overtime pay).

depending on which affiliate they worked for, factual differences among the putative class members does not defeat commonality. *Lee v. Javitch, Block & Rathbone, LLP*, 522 F. Supp. 2d 945, 957 (S.D. Ohio 2007); *see also Laichev*, 269 F.R.D. at 640.

Defendant cites differences in whether MLOs worked from home or in an office, whether or not they were issued laptops or PDAs, whether they generated business externally or from within the company, or in the types of products they sold; yet all of these purported critical differences were not enough to stop Defendant from conducting a blanket audit in determining whether to classify all its MLOs as exempt from overtime pay requirements, to classify them all as exempt from such requirements in 2006, or to reclassify them all as entitled to overtime pay in 2012. As a result, the question of whether those decisions were appropriate can likely be determined based on the same kind of common proof that Defendant used to make the decisions in the first place.

"Although plaintiffs' claims may raise individualized questions regarding the number of hours worked and how much each employee was entitled to be paid, those differences go to the damages that each employee is owed, not to the common question of Defendant['s] liability." *Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 130 (S.D.N.Y. 2011). Ultimately, "it is unlikely that differences in the factual background of each claim will affect the outcome of the legal issue." *Bacon v. Honda of America Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004).

Plaintiffs have alleged common policies regarding how MLOs should do their

jobs, as evidenced by the regional and national ranking of these employees and by the existence of the "MLO Playbook," and commonality exists when "the members of the class have allegedly been affected by a general policy of the defendant, and the general policy is the focus of the litigation." *Laichev*, 269 F.R.D. at 640.

Here, the Court finds that the instant case presents shared issues of law and fact arising out of a common nucleus of operative fact such as to satisfy the commonality requirement.

### 3. Typicality

Rule 23(a)(3) requires that "the claims . . . of the representative parties be typical of the claims . . . of the class." Although they are separate and distinct requirements, commonality and typicality "tend to merge" and are often discussed together. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 157 n.13 (1982).

A proposed class representative's claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and [the] claims are based on the same legal theory." *Little Caesar Entpr., Inc. v. Smith*, 172 F.R.D. 236, 243 (E.D. Mich. 1997). *See also Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561-62 (8th Cir. 1982) (quoting C. Wright & A. Miller, *Federal Practice & Procedure* § 1764 at n.21.1 (Supp. 1982)) ("The burden of showing typicality is not an onerous one. It does, however, require something more than general conclusory allegations that unnamed [plaintiffs] have been [wronged].").

"Typical does not mean identical, and the typicality requirement is liberally construed." *Gaspar v. Linvatex Corp.,* 167 F.R.D. 51, 57 (N.D. Ill. 1996).  "Factual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory." *Alpern v. UtiliCorp United, Inc.,* 84 F.3d 1525, 1540 (8th Cir. 1996).  The requirement of typicality focuses on the conduct of a defendant and whether a proposed class representative has been injured by the same kind of conduct alleged against the defendant as other members of the proposed class. *Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 491 (S.D. Ill. 1999) ("The Court should concentrate on the defendants' alleged conduct and the plaintiffs' legal theory to satisfy Rule 23(a)(3)."). This is why a finding that commonality exists generally results in a finding that typicality also exists. *Violette v. P.A. Days, Inc.,* 214 F.R.D. 207, 214 (S.D. Ohio 2003).

Typicality "is generally considered to be satisfied 'if the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory.'" *Paxton v. Union Nat'l Bank,* 688 F.2d 552, 561-62 (8th Cir. 1982).  Where, as here, "it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims. *Laichev*, 269 F.R.D. at 640-41.  Additionally, differences in the amount of damages allegedly owed each putative class member "is not fatal to a finding of

typicality." *Id.* at 641.

Here, the claims of the named Plaintiffs and the proposed class members, as well as Defendant's good faith and administrative exemption defenses, all arise from one course of conduct: Defendant's decision to classify MLOs as exempt from state and federal overtime pay requirements. There are two predominant legal questions that effect all MLOs, including named Plaintiffs: whether Defendant can satisfy the three requirements of the Section 259 Good Faith Defense, and whether the job duties performed by MLOs satisfy the requirements of the administrative exemption. Again, it is clear from Defendant's own uniform classification choices that these duties are similar enough across all affiliates to be appropriate for common consideration.

Here, with each class member stating the same claims and seeking the same relief, the claims asserted in this case are typical for the purposes of Rule 23(a)(3).

### 4. Adequacy of Representatives

Rule 23(a)(4) requires the Court to determine whether "the representative parties will fairly and adequately protect the interests of the class." This requirement calls for a two pronged inquiry: "(1) the representatives must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter v. General Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976). Rule 23(a)(4) tests "the experience and ability of counsel for plaintiffs and whether there is any antagonism between the interests of the

plaintiffs and other members of the class they seek to represent." *Cross v. Nat'l Trust Life Ins. Co.*, 553 F.2d 1026, 1031 (6th Cir. 1977). These two requirements are met here.

Because the named Plaintiffs are challenging the same alleged unlawful conduct and seeking the same relief as would the rest of the class, the interests of the named plaintiffs are sufficiently aligned with those of the class members to satisfy the first prong of the adequacy of representation requirement. *Thomas v. SmithKline*, 201 F.R.D. 386, 396 (E.D. Pa. 2001).

As to the second prong, the proposed class representatives are ready, willing, and able to fulfill their duties. (Doc. 148 at 18). Likewise, Plaintiffs' counsel is qualified to handle this matter. (*Id.* at 18-19). Plaintiffs' counsel has actively and vigorously pursued the claims of the Plaintiffs and putative class members in this case and has been class or collective counsel in numerous class and collective actions around the country. (*Id.*)

Rule 23(g) compliments Rule 23(a)(4)'s adequate representation requirement by focusing on class counsel. Under Rule 23(g), the Court must determine that counsel possesses the abilities to fairly and adequately represent the interests of the class. The Court has considered the work that Plaintiffs' counsel has done in this action, their experience in handling class actions and the types of claims asserted in this action, their knowledge of the applicable law, and the resources that they have committed and will commit to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(A). Defendant does not dispute that Plaintiffs' counsel are suitable class counsel and satisfy the requirements of Rule 23(g).

Based on careful consideration of these factors, the Court grants Plaintiffs' motion for the appointment of Plaintiffs' counsel as class counsel. Additionally, the Proposed Class Representatives are adequate class representatives and satisfy the requirements of Rule 23(a)(4).

    **B.**    **Rule 23(b)**

When the prerequisites of Rule 23(a) are satisfied, an action may be maintained as a class action when it qualifies under any one of three conditions set forth in Rule 23(b). Plaintiffs seek class certification under Federal Rule of Civil Procedure 23(b)(3). A matter may be certified under Rule 23(b)(3) when common issues of fact and law predominate and the class mechanism is superior to other methods of relief.

There are numerous common questions of law and fact arising out of Defendant's conduct to the class making this an appropriate case for resolution by means of a class action. (*See* Section II.A.2, *supra*). Liability turns on (1) whether Defendant acted in good faith reliance on, and in conformity with, the 2006 Opinion Letter, and (2) if not, whether Defendant properly classified its MLOs as exempt administrative employees. These issues will be determined based on common proof, and common questions clearly predominate in this case.

Rule 23(b)(3) lists four factors to be considered in determining the superiority of proceeding as a class action compared to other methods of adjudication: (1) the interests of the members of the class in individually controlling the prosecution of separate actions;

(2) the extent and nature of other pending litigation about the controversy by members of the class; (3) the desirability of concentrating the litigation in a particular forum; and (4) the difficulties likely to be encountered in management of the class action. Fed. R. Civ. Proc. 23(b)(3).

Here, there is no evidence that putative class members have any interest in maintaining this litigation in separate actions, particularly considering the fact that the claims of all Ohio MLOs will be completely extinguished by the statute of limitations on January 3, 2013 – a date just days away. (Doc. 153 at 4). Moreover, it is desirable to concentrate the claims in this Court as there is no record of other similar litigation pending in Ohio and Defendant is located in this district. Finally, no major difficulty is likely to arise in management of the class action as the putative class is limited in size. Class certification here promotes consistent results, giving the Defendant "the benefit of finality and repose." *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 427 (4th Cir. 2003).

Accordingly, Plaintiffs' class action qualifies under Fed. R. Civ. P. 23(b)(3).

### VI. CONCLUSION

This case is well suited for class certification because it will simplify and streamline the judicial proceedings. Accordingly, the Court **GRANTS** Plaintiffs' motion for class certification (Doc. 148), certifies the proposed class pursuant to Rules 23(a) and 23(b)(3), and hereby appoints Dustin Swigart and Sonia Schultz as class representatives and

Plaintiffs' counsel as class counsel. The parties shall provide the Court with a joint proposed notice within ten days of entry of this Order, bearing in mind the need to avoid confusion with the earlier FLSA opt-in notice.

    **IT IS SO ORDERED.**

Date: 12/28/12                                            *s/ Timothy S. Black*
                                                              Timothy S. Black
                                                              United States District Judge