UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DUSTIN SWIGART and SONIA SCHULTZ, on behalf of themselves and others similarly situated, | Case No. 1:11-cv-00088 |
| | Judge Timothy S. Black |
| Plaintiffs, | |
| v. | |
| FIFTH THIRD BANK, | |
| Defendant. | |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR APPROVAL OF SECTION 216(b) SETTLEMENT AND
FOR PRELIMINARY APPROVAL OF OHIO RULE 23 CLASS SETTLEMENT**

The above-entitled matter came before the Court on the Plaintiffs' Unopposed Motion for Approval of Section 216(b) Settlement and for Preliminary Approval of Ohio Rule 23 Class Settlement ("Motion for Preliminary Approval").

I.  **Approval of Section 216(b) Settlement**

The parties' settlement agreement resolves the FLSA collective action claims of the named and opt-in Plaintiffs. The goal of the FLSA is to ensure that a covered employee receives a "fair day's pay for a fair day's work" and is "protected from the evil of overwork as well as underpay." *Kritzer v. Safelite Solutions, LLC*, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012) (quoting *Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981)). The Act further provides that an employer that violates the Act's requirements regarding minimum wages or overtime "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). If the plaintiffs prevail,

they are also entitled to recover reasonable attorneys' fees and costs. *Id.* "The FLSA's provisions are mandatory and, except as otherwise provided by statute, are generally not subject to being waived, bargained, or modified by contract or by settlement." *Kritzer*, 2012 WL 1945144, at *5 (citations omitted).

FLSA claims may be compromised, however, "when a court reviews and approves a settlement agreement in a private action." *Id.* (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir.1982)). In such circumstances, the Court must first determine that there is a bona fide dispute between the parties as to the employer's liability under the FLSA. *Id.*; *see also Lynn's Food Stores*, 679 F.2d at 1353 n.8. The existence of a bona fide dispute under the FLSA confirms that "the parties are not, via settlement of the plaintiffs' claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Kritzer*, 2012 WL 1945144, at *5 (citations omitted).

Based upon a review of the parties' settlement agreement, and in light of the parties' motion practice related to conditional certification, class certification, and summary judgment in this matter, the Court finds that the settlement is a result of contested litigation to resolve a bona fide dispute. The Court further finds that the settlement reflects a reasonable compromise over contested issues under the FLSA, including but not limited to whether Defendant properly classified Plaintiffs as exempt and Defendant's good faith defense. Accordingly, the Court approves the parties' settlement of the named and opt-in Plaintiffs' FLSA claims.

## II. Preliminary Approval of Ohio Rule 23 Class Settlement

Based upon a review of the parties' settlement agreement, the Court further finds that the Parties' Settlement Agreement is preliminarily approved as fair, reasonable and adequate. The

Court confirms its prior Order certifying a class of all individuals who worked as Mortgage Loan Officers for Defendant Fifth Third Bank in the State of Ohio at any time between February 11, 2009 and January 3, 2011, appointing Nichols Kaster, PLLP as Class Counsel, and appointing Plaintiffs Dustin Swigart and Sonia Schultz as Class Representatives. *Swigart v. Fifth Third Bank*, 288 F.R.D. 177 (S.D. Ohio 2012). For all the reasons stated therein, the Ohio Rule 23 Class satisfies the numerosity, typicality, and adequacy of representation requirements of Rule 23(a), as well as the predominance and superiority requirements of Rule 23(b)(3).

The Court further approves of the parties' proposed Notice Regarding Pendency of Class Action, including all exhibits, and Orders the parties and the Claims Administrator to send notice no later than 21 days from the date of this Order and in all other respects pursuant to the terms of the parties' Settlement Agreement. **The Court will conduct a Final Approval Hearing on June 25, 2014 at 10:00 a.m.** to determine the overall fairness of the settlement and to fix the amount of attorneys' fees and costs to Class Counsel and service awards to the Class Representatives. The Final Approval Hearing may be continued without further notice to Class Members. **Class Counsel shall file their motion for Final Settlement Approval and their Petition for Attorneys' Fees, Costs, and Service Awards to the Class Representatives on or before June 11, 2014**.

### III. Ineligible Opt-In Plaintiffs

Finally, the Court concludes, consistent with the parties' agreement, that the following individuals who opted-in to this action are not eligible to participate in the settlement because they did not work as MLOs for Defendant within three years of the date their consent form was filed with this Court, or because they did not work for Defendant in the MLO position during the relevant period, or did work as a MLO for Defendant before January 3, 2011: Ty Alday, Kevin

3

Baustian, Kevin Brant, Mickey Campbell, Jeffrey Crockett, Felicia Greene, Darryl Grier, Matthew Harris, John Hildebolt, Delone Jones, Andrew Lusk, Justin Lynott, Jeffrey McDermand, Jerry Middleton, Shawn Minor, Rebecca Mitchell, Blanca Morey, Carrie Mudd, Wanda Negrin, Cindy Polverino, Jonathan Prieskorn, Keri Abed, Rita Cordova, Shane Desimone, Domenick Digaetani, Sandra Gardner, Stephen Jeselnik, Brian Landis, Timothy Lernihan, Mary Murphree, Richard Trew, Rosalba Verdin, Tamara Von Waldner, and Lance Worrell. Their claims in this case will be dismissed without prejudice upon the Court's entry of an order granting final settlement approval.

**IT IS SO ORDERED.**

Date: 2/19/14

Timothy S. Black
United States District Judge

4